**REED et al. v. CITY OF BARTLESVILLE, OKL.**

Circuit Court of Appeals, Eighth Circuit.
May 11, 1929.

No. 8066.

I. J. Underwood, of Tulsa, Okl. (G. A. Paul, of Oklahoma City, Okl., and Allen, Underwood & Smith, of Tulsa, Okl., on the brief), for plaintiffs in error.

J. D. Talbott, of Bartlesville, Okl. (Rowland & Talbott, of Bartlesville, Okl., on the brief), for defendant in error.

Before STONE, Circuit Judge, and FARIS and SYMES, District Judges.

STONE, Circuit Judge. From a judgment entered after sustaining a demurrer to plaintiffs' petition, this writ of error is brought.

The petition alleges the creation of a sewer district in Bartlesville, Okl., by city ordinance which directed preparation, by the city engineer, of plans, specifications, and estimates for construction of the sewer; this estimate determined that the expenses of the city for surveys, etc., would be equivalent to 7 per cent. of the contract cost; a requirement for bidders for the construction was that the successful bidder would reimburse the city therefor (such outlay to be added to the contract price); the contract with plaintiffs covered this item which amounted to $10,997.68; the city passed an ordinance on August 31, 1921, levying special assessments on benefited property in the amount of the contract price, which included the amount payable to the city; on September 23, 1921, certain owners of the land assessed brought an action to enjoin the levy and collection of such assessments; this action was against the city and these plaintiffs; the trial court found the assessments invalid in two respects; the city and these plaintiffs appealed therefrom to the Supreme Court of the state; that court reversed the trial court as to one ground but sustained it on the other, which was that the expenses due the city should be reduced from the $10,997.68 to $1,500; on

October 1, 1924, the city and plaintiffs filed a petition for rehearing (plaintiffs allege this was filed by the city at their request, however, the petition shows it is by "the *plaintiffs in error*" in that suit and it is signed by "E. E. Heyl, City Attorney," and "G. A. Paul, Attorney for Plaintiffs in Error"—G. A. Paul being one of counsel for plaintiffs here); the purpose of this petition was to secure a change in the judgment of the Supreme Court in order "to avoid the necessity of reenacting an assessing ordinance to pay the cost of said sewer construction"; thereafter, the city, by resolution, directed withdrawal of this petition for rehearing; this resolution was passed at the request of interested property owners for the purpose of preventing plaintiffs from collecting any interest on said sewer tax warrants from August 31, 1921; this resolution was passed without the knowledge or consent of plaintiffs; the effect of the judgment of the Supreme Court, finding the assessment invalid in part, was to necessitate a reassessment and the consequence of a reassessment was that plaintiffs could not collect interest on the warrants issued on the first assessment; in October, 1924, after withdrawal of the petition for rehearing, the city (by ordinance) made a reassessment; the recovery sought is lost interest ($38,753.64) from date of the first assessment ordinance to date of filing the petition for rehearing.

Neither of the two counts of the petition in the present suit states all of the above facts, but taking both together the above situation is shown. Upon such, recovery is sought.

The theory of the first count is that the withdrawal of the petition for rehearing was a wrongful act resulting in loss of the above interest to plaintiffs. We are unable to see that such act was wrongful or that the loss can be said to have resulted therefrom. Plaintiffs were parties to that suit—were the parties most interested therein—and joined in the petition for rehearing. It is not alleged that the city alone could withdraw such petition thus joined in by plaintiffs or, if such were possible, that plaintiffs endeavored to have same reinstated and passed on. It is not even alleged that plaintiffs were ignorant of such withdrawal, before or at the time it was done. Plaintiffs must assuredly have had the same right to press such petition as did the city. Where a party has every opportunity to protect his own rights, he cannot complain if some one else, not bound to do so, fails therein. Certainly, no greater, if any, obligation was upon the city to protect this assessment than upon plaintiffs who were parties to such litigation.

As to the loss it may be said that precisely such loss could be avoided only if the Supreme Court reversed its judgment because of the petition for rehearing. Until such result can be proven or presumed no ground for the loss here claimed could exist. It cannot be proven and, obviously, should not be presumed.

The theory of the second count is that the city "failed and neglected to provide a sufficient fund to pay the outstanding special sewer warrants issued under" the original assessment ordinance. The only "fund" the city could provide was through collection of the assessments it had levied; the taxpayers' action prevented that being done; the city contested that suit up to an adverse judgment of the State Supreme Court; the only thing left for the city to do was to abide by that decision and reassess for the smaller sum allowed thereby. The only action of the city which was not in active support of the former assessment was the withdrawal of the petition for rehearing. As said above, that alone is insufficient, under the allegations here, to be a basis for recovery.

The court was right in sustaining the demurrer, and the judgment should be, and is, affirmed.